IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| IGNACIO COVARRUBIAS | * |
| | * |
|    Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION FILE NO. 5:18-cv-00030 |
| | * |
| OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA, | * |
| | * |
| | * |
|    Defendant. | * |

**MOTION TO STRIKE AFFIRMATIVE DEFENSES
OR FOR MORE DEFINITIVE STATEMENT**

Comes the Plaintiff, by and through counsel, and pursuant to Fed. R. Civ. P. 12(f), and within twenty-one (21) days of the Answer having been filed, moves the Court for an Order striking insufficient and/or improper defenses in the Defendant's Answer.

FACTS

This is an action to collect on an unpaid final judgment against Butterfly Logistics from its surety, Occidental Fire and Casualty Company of North Carolina pursuant to its MCS-90 endorsement under federal law (49 U.S.C. § 13906 and 49 CFR § 387).

LEGAL STANDARDS

Affirmative defenses are those in which the Defendant has the burden of proof, generally set out in Fed. R. Civ. P. 8(c). "As directed by Rule 8 [of the Federal Rules of Civil Procedure], the answer should contain only two things: (1) a response (admitting, denying, or claiming insufficient knowledge) to the averments in the complaint; and (2) a statement of all affirmative

defenses." *Software Publishers Ass'n v. Scott & Scott, LLP,* 2007 WL 2325585, at *2 n. 4 (N.D.Tex.Aug.15, 2007) (citing Fed. R. Civ. P. 8(b)-(c)).

A Rule 12(f) Motion serves as "the primary procedure for objecting to an insufficient defense." Wright & Miller, Federal Practice and Procedure § 1380 (3d. ed. 2004). A motion to strike an affirmative defense is generally considered to be a dispositive motion. See *Snow v. Kemp*, 2011 WL 361651 *1 n.2 (W.D. Tenn.). The decision to strike an affirmative defense is solely discretionary. *ConcoPhillips, Co., v. Shaffer*, 2005 WL 2280393, at *2 (N.D. Ohio 2005).

Pursuant to Fed. R. Civ. P. 12(f), upon motion of a party or upon its own motion "a Court may order stricken from any pleading an insufficient defense or any redundant immaterial … matter." Fed. R. Civ. P. 12(f).

> The Fifth Circuit has stated that a defendant must plead an affirmative defense with enough factual specificity to give the plaintiff "fair notice" of the defense. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). This requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* (internal citations omitted). In *Woodfield*, the Court held that simply naming the affirmative defenses of waiver, release and accord and satisfaction "falls well short of the minimum particulars needed" to satisfy the fair notice requirement. *Id.*

*Glenn Paul Shoop Tr. v. Devon Energy Prod. Co., L.P.*, 3:10-CV-00650-P, 2010 WL 11562101, at *2 (N.D. Tex. Dec. 9, 2010).

Many courts in Texas use *Woodfield* in evaluating Rule 12(f) motions, including: *Mumphrey v. Credit Solutions*, 2010 WL 652834, at *1 (N.D.Tex. Feb.24, 2010) (Lynn, J.); *TracFone Wireless, Inc. v. King Trading, Inc.*, 2008 WL 4826035, at *1 (N.D.Tex. Nov 6, 2008) (Boyle, J.); *Software Publrs. Ass'n v. Scott & Scott*, LLP, 2007 WL 2325585, at *2 (N.D.Tex. Aug.15, 2007) (Fish, C.J.). *E.E.O.C. v. Courtesy Bldg. Services, Inc.*, 3:10-CV-1911-D, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011)

A motion to strike under Rule 12(f) is usually not favored, however, a court has "liberal discretion" to strike pleadings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000); 2 Moore's Federal Practice Section 12.37 (3d ed. 2002). A motion to strike an affirmative defense under Rule 12(f) is proper if the defense "is insufficient; that is, if 'as a matter of law the defense cannot succeed under any circumstances.'" *U.S. S.E.C. v. Thorn*, 2002 WL 31412440, at *2 (S.D. Ohio 2002), quoting *Ameriwood Industries Nat'l Corp. v. Arthur Anderson & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997); see also, *United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (stating that a Motion to Strike may be appropriate where they "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would be otherwise be spent in litigating issues which would not affect the outcome of the case.").

Fed. R. Civ. P. 8(c) requires the Defendant to "plead an affirmative defense within enough specificity or factual particularity to give the Plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Circuit 1999). "An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Circuit 1999). A pleading "does not need detailed factual allegations," but it requires "more than labels and conclusions …"

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). In striking a defense as insufficient, the defense must be insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."). Additionally, there must be enough factual particularity in the

3

affirmative defense to give the plaintiff "fair notice." *See Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999). Striking a part of the pleadings as immaterial or impertinent is disfavored as well. "A court should not strike any portion of a pleading as irrelevant unless (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party." *Microsoft Corp. v. Worth,* 2007 WL 1975574, at *2 (N.D. Tex. July 5, 2007) (Fish, C.J.); *Pan Am. Life Ins. Co. v. Blanco,* 311 F.2d 424, 428 n.13 (5th Cir. 1962). Defendant bears the burden of proof of establishing any affirmative defenses. *See* Tex. R. Civ. P. 94.

This Motion to Strike Affirmative Defenses is made within twenty-one (21) days of service of the Answer, the twenty-first day being Friday, May 11, 2018 (Fed. R. Civ. P. 12(f)(2)).

In light of the above, Plaintiff moves to strike from the Answer the following affirmative defenses addressed in numerical order for the Court's convenience.

Alternatively, Plaintiff requests the Court order that the Defendant provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## APPLICATION OF LAW TO FACTS

**a. Second Defense**

Plaintiff moves to strike Defendant's 2nd Defense, which states:

**Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

This defense is improper, and does not put Plaintiff on fair notice. Further, this is a defense which may be asserted by a Motion pursuant to Fed. R. Civ. P. 12(b)(6) and should therefore be stricken. *Villarreal v. Gallegos*, 2010 WL 11601166 at *2 (W. D. Tex. (May 6, 2010).

The defense of "failure to state a claim" is so broad that it is unclear merely from an assertion of the name of the defense what the nature of the defense may be. See *Lebouef v. Island Operating Co.*, 342 Fed. Appx. 983, 985 (5th Cir. 2009) Therefore, this Court should strike the affirmative defense. Further, this defense is a conclusory allegation with no basis under the law and no facts to support it. As a conclusory allegation, the defense should be stricken. See *Strott v. Federal Bond & Collection Svc., Inc.*, 2011 WL 176846 (N.D. Cal.); *Shechter v. Comptroller of City of New York*, 79 F.3d 265 (C.A.2d 1996) (conclusory assertion of affirmative defense is insufficient). Further, the First Defense should be stricken as immaterial. An immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517.

**b. Third Defense**

Plaintiff moves to strike the Defendant's 3rd defense, which states:

**Defendant hereby pleads any and all of the terms, conditions, provisions, definitions, exclusions and limits in the Policy that apply to preclude, abrogate, reduce, or limit the coverage available for the Plaintiff's claims in defense and bar of any recovery by Plaintiff against Defendant in this matter.**

The purpose of pleading an affirmative defense is to "give the opposing party notice of the [defense] and a chance to argue, if he can, why the imposition of [the defense] would be inappropriate." *Blonder-Tongue Labs, Inc. v. University of Illinois Foundation,* 402 U.S. 313350 (1971). Plaintiff is not privy to the contract, nor did he participate in the execution of the contract. Since Plaintiff is not a party to the contract, Plaintiff has not been provided "fair notice" as the defendant did not attach the contract with all insurance filings. *See Woodfield v. Bowman,* 193 F.3d 354 (5th Cir. 1999).

In the event that Defendant acknowledges the contract attached to Plaintiff's Complaint, Plaintiff would still request a more definite statement as to these alleged defenses to the extent they involve the MCS-90, Forms E and F, and surety bonds.

### c. Sixth, Seventh, and Eighth Defenses

Plaintiff moves to strike the Defendant's 6th, 7th, and 8th defenses, which state:

Sixth Defense
**To the extent the purported Default Judgment is not a final judgment, Defendant pleads that fact in defense and bar to the Plaintiff's claims against it.**

Seventh Defense
**To the extent the purported Default Judgment or the facts of this case fail to establish public liability resulting from negligence on the part of Butterfly Logistics, Inc. in the operation, maintenance or use of a motor vehicle subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980, Defendant pleads that failure of proof in defense and bar to the Plaintiff's claims against it.**

Eighth Defense
**Upon information and belief, the vehicle that collided with Plaintiff's vehicle and its driver were not acting as a motor carrier at the time of Plaintiff's accident, in that they were not in the business of transporting, for compensation, the goods or property of another in interstate commerce at the time of the accident. This, upon information and belief, renders the Policy's MCS-90 endorsement inapplicable to the Plaintiff's claims, and Defendant pleads it in defense and bar to the Plaintiff's claims against it.**

"A defense which demonstrates that Plaintiff has not met its burden of proof is not an affirmative defense." See Z*ivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002). An affirmative defense means the defendant has the burden of proof. As these "defenses" all attack an element of damages the plaintiff must establish, said defenses are not affirmative defenses and should be stricken. See Z*ivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002).

### d. Reservation and Non-Waiver

Page 9 of Defendant's Answer also includes the following statement:

**Defendant reserves and does not waive any additional or further defenses as may be revealed by additional information acquired at a later date.**

6

Defendant may not reserve the right to assert affirmative defenses. See *Weintrab v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 668-69 (S.D. Cal. 2014). Such a reservation clearly does not provide fair notice of a defense, but it also is not an affirmative defense, which must be specifically identified. *See* Fed. R. Civ. P. 8(b)(1)(A), 8(c)(1)

## CONCLUSION

Simply listing an affirmative defense in threadbare recitals does not give fair notice, is insufficient, and falls well short of the minimum particulars needed to identify the affirmative defense in question and to notify Plaintiff of the specific contractual obligations being referenced.

Some of the defenses pled by the Defendant are so vague it is difficult as to whether or not they are being listed as defenses or affirmative defenses.

Given the above, Plaintiff believes the Defendant's second, third, sixth, seventh, and eighth defenses should be stricken in their entirety at this time.

Respectfully submitted,

*/s/ Victor I. Cerda*
Michael R. Cowen
State Bar No. 00795306
S.D. Tex. ID No. 19967
Victor I. Cerda
State Bar No. 04047050
COWEN | RODRIGUEZ | PEACOCK
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone: (210) 941-1301
Facsimile: (956) 504-3674
efilings@cowenlaw.com
*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2018, I electronically filed a copy of the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notice of the electronic filing to counsel of record. All other parties will be served by regular U.S. mail as shown below. Parties may access this filing through the Court's electronic filing system.

This 11th day of May, 2018.

*/s/ Victor I. Cerda*
Victor I. Cerda